IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00135-RLV
(5:02-CR-00037-RLV-6)

| | |
|---|---|
| THALMUS JATON LINDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). No response is necessary from the Government. After reviewing the motion and the record in this matter, the Court finds that Petitioner's Section 2255 motion should dismissed.

## I. PROCEDURAL HISTORY

On November 17, 2003, Petitioner was sentenced to a term of 188-months imprisonment following his straight-up guilty plea to one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841. (5:02-CR-00037, Doc. No. 284: Judgment in a Criminal Case at 1). Petitioner did not file an appeal from this criminal judgment nor does it appear that he sought relief under Section 2255 until he filed the successive instant petition in 2012.

In his Section 2255 motion, Petitioner contends that he was illegally sentenced under 21 U.S.C. § 841(a) based on the Court's finding that he qualified as a career offender under USSG § 4B1.1. (5:12-CV-135, Doc. No. 1 at 13). Petitioner's moves that his sentence be vacated and,

1

presumably, that he be resentenced without the career offender designation. (Id.).

## II.  STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein.

After examining the record in this matter, the Court finds that the claims in Petitioner's Section 2255 motion can be resolved without an evidentiary hearing based on the court record, and the documents and arguments therein presented. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  LEGAL DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner contends that his 2255 motion is timely under prongs 2255(f)(3) and (f)(4) because it was filed within one year of the date the Fourth Circuit filed its decision in United States v. Simmons, which interpreted the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 1577 (2010). (5:12-CV-000135, Doc. No. 1 at 12). Petitioner contends that he did not qualify as a career offender because predicate offenses identified in his presentence report ("PSR") did not carry a term of imprisonment which exceeded one year. Petitioner does not, however, identify the convictions he contends fail to qualify as predicate offenses.

In United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense under the [Controlled Substances Act], the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

According to his PSR, Petitioner was found to be responsible for 1.5 kilograms or more of cocaine base which provided him with a base offense level of 38. (5:02-CR-00037, Doc. No. 574: PSR ¶ 28). Two additional base offense level points were added because Petitioner possessed a dangerous weapon during the commission of the drug crime to which he pled guilty in his federal case. (Id. ¶ 29).

The PSR also noted that Petitioner qualified as a career offender based on two prior convictions for crimes of violence: (1) assault with a deadly weapon, inflicting serious injury

3

(95CRS16564); and (2) common law robbery (96CRS 2540). The probation officer calculated that this placed Petitioner with an offense level of 37 as a career offender under § 4B1.1 of the Guidelines. However, the probation officer found that the greater base offense level of 38 noted above should be used in calculating Petitioner's sentence rather than the offense level of 37 for a career offender. (Id. ¶ 34). Thus, even if it were true that Petitioner's prior convictions did not qualify him as a career offender, he was sentenced without that designation based on the drug quantity and his possession of a gun. This error would therefore be harmless.

But moreover, Petitioner is plainly mistaken in his argument that he does not have the qualifying predicate offenses to attain career offender status. Under the Guidelines,

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a) (2002).

Petitioner does not contend that either subsection (1) or (2) do not apply to him. Rather, Petitioner appears to argue that he did not receive sentences for the crimes of violence that were in excess of one year.

According to his PSR, Petitioner has two convictions which qualify as felony crimes of violence. First, a conviction for assault with a deadly weapon, inflicting serious injury, for which Petitioner was sentenced to an active term of 29-44 months' imprisonment, (PSR ¶ 41). Second, a conviction for common law robbery for which Petitioner was sentenced to an active-term of 12-15 months' imprisonment. (Id. ¶ 42). These convictions plainly qualify Petitioner as a career offender.

## IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner has presented no meritorious claim for relief. It is clear that his prior convictions qualified him as a career offender, even though he was not sentenced based on attaining that status. Petitioner's Section 2255 will be denied and dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED**. (5:12-CV-000135, Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 24, 2012

Richard L. Voorhees
United States District Judge